UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **JANICE PARKER** § | |
| § | |
| **Plaintiff,** § | |
| § | Civil Action No. 1:19-cv-167 |
| v. § | |
| § | |
| **MAXWELL-NII, INC.** § | **JURY DEMANDED** |
| **d/b/a ROUND ROCK NISSAN** § | |
| § | |
| **Defendant** § | |

## ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Plaintiff JANICE PARKER, by and through her undersigned attorney of record, and sues Defendant MAXWELL-NII, INC., d/b/a ROUND ROCK NISSAN ("Defendant") for violating federal law. For cause of action, Plaintiff would show as follows:

### I.   PARTIES, JURISDICTION AND VENUE

1. Plaintiff JANICE PARKER is an individual and is a resident of the State of Texas. Plaintiff resides in Williamson County, Texas.

2. Defendant MAXWELL-NII, INC., d/b/a ROUND ROCK NISSAN is a foreign corporation doing business in the State of Texas. Defendant can be served with process by serving its registered agent for service of process, Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas 78701-4411.

3. This Court has subject matter Jurisdiction under 28 U.S.C. § 1343(a)(4) and 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United

States; specifically, Civil Rights Act of 1964 (as amended), 42 U.S.C. §§ 2000e *et seq.* ("Title VII").

4. This Court has personal jurisdiction over Defendant because Defendant conducts business in Texas and has entered into relationships with Plaintiff in Texas, and committed actions in Texas that give rise to this cause of action.

5. Venue is proper in this district under 28 U.S.C. § 1391 inasmuch as a substantial part of the events or omissions giving rise to this claim occurred in such district.

## II.   ADMINISTRATIVE PROCEDURES

6. Plaintiff filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") on, or about, August 14, 2018, alleging sexual harassment/gender discrimination and retaliation. This action is being commenced within the required statutory time limits as the charge was timely filed with the EEOC and this matter is being filed within 90 days of receipt of the "Notice of Suit Rights" issued by the EEOC.

## III.   FACTUAL BACKGROUND

7. Defendant is in the retail business of selling automobiles to the general public.

8. Defendant is an "employer" as defined by Title VII and employed fifteen or more employees during the relevant time period.

9. Plaintiff, a female, became employed by Defendant in approximately July 2017 as a sales consultant.

10. Plaintiff was an "employee" as defined by Title VII when she worked for Defendant.

11. In approximately September 2017 Plaintiff was promoted to Internet Sales Manager.

12. When potential customers would contact Defendant online regarding the possible purchase of a vehicle, these "leads" were distributed to members of the internet sales team, including Plaintiff.

13. These sales employees were then expected to contact the potential customers and attempt to complete the sale of the automobile.

14. During Plaintiff's employment with Defendant the leads were distributed by Plaintiff's supervisor, Jim Price.

15. Although Plaintiff performed her job duties in a capable and competent fashion, Mr. Price continually pushed her to sell more automobiles.

16. Mr. Price began to make comments to Plaintiff such as "If I were a woman in sales, I would use everything I had to make a sale, wear whatever I needed to wear."

17. Over time his comments became more offensive. He said if he were a woman he would dress different than Plaintiff dressed. He would use his "assets", and flirt more. He said he would make sure male customers knew he would do whatever it took to make a sale. These comments were clearly intended to tell Plaintiff that she should do these things.

18. On repeated occasions, Mr. Price told Plaintiff to take an Armada (a large vehicle) behind the building and perform sexual favors for potential customers in order to sell more automobiles.

19. These and similar comments were made repeatedly and continuously in private and in public settings until the termination of Plaintiff's employment with Defendant.

20. Male employees were not told to use sexuality to sell vehicles.

21. Plaintiff complained to Mr. Price and to his boss, Mr. Hogge, that these comments and suggestions were vile, inappropriate, unwelcomed, and that they should stop. Mr. Hogge did nothing to stop Mr. Price's hostile and discriminatory behavior.

22. Eventually, despite the fact that Plaintiff was one of the top performing internet salespersons, her leads were cut by approximately half and her income decreased proportionately. This was done in retaliation for her complaints about Mr. Price's hostile and discriminatory behavior.

23. Ultimately, Plaintiff's working conditions became so intolerable that she felt compelled to resign. Plaintiff tendered her resignation on, or about, June 21, 2018.

### IV.   CLAIMS FOR RELIEF:

#### A.   Discrimination Based on Sex
[Violation of 42 U.S.C. § 2000e-2(a)]

24. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-23 as though fully set forth at length herein.

25. During most of Plaintiff's employment with Defendant and continuing until the termination of such employment, Defendant engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) because of sex.

26. Defendant subjected Plaintiff to a hostile work environment based on her sex, female, created by verbal sexual harassment.

27. Defendant did not exercise reasonable care to prevent and correct promptly any sexually harassing behavior in the workplace. Plaintiff did not unreasonably fail to take advantage of any preventative or corrective opportunities provided by Defendant.

28. During Plaintiff's employment, Defendant knew of or in the exercise of reasonable care should have known of the hostile or offensive work environment because of sex that was

suffered by Plaintiff.  Plaintiff complained to Defendant about the hostile or offensive work environment and that the environment was openly hostile to her, but Defendant negligently failed to take timely preventative or remedial actions.

29. The harassment complained of herein was committed primarily by Plaintiff's supervisor, Jim Price, and culminated in a tangible employment action; namely, decreased leads and, therefore, decreased income, and/or the termination of Plaintiff's employment.

30. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and to otherwise adversely affect her status as an employee because of her sex, female.

31. The unlawful employment practices complained of above were intentional.

32. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

### B.   Retaliation
### [Violation of 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 2000e-3(a)]

33. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-23 as though fully set forth at length herein.

34. During most of Plaintiff's employment with Defendant and continuing until the termination of such employment, Defendant engaged in unlawful retaliatory employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) because Plaintiff opposed unlawful employment practices, including sexual harassment.

35. Plaintiff complained to Defendant about the sexually hostile environment and, as a result, suffered adverse terms and conditions of employment because she opposed the sexual harassment. For example. Mr. Price's vile and hostile conduct continued, and Plaintiff's leads were decreased thereby resulting in decreased income.

36. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and to otherwise adversely affect her status as an employee because she opposed Defendant's unlawful employment practices.

37. The unlawful employment practices complained of above were intentional.

38. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

### C. Discharge and/or Constructive Discharge
### [Violation of 42 U.S.C. § 2000e-3(a)]

39. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-23 as though fully set forth at length herein.

40. On, or about, June 21, 2018, Plaintiff was discharged or constructively discharged in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) and Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) because of her sex, female, and/or in retaliation for her opposition to unlawful employment practices, and/or because of Defendant's failure to prevent or to remedy the hostile work environment and retaliation.

41. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and to otherwise adversely affect her status as an employee because she opposed Defendant's unlawful employment practices.

42. The unlawful employment practices complained of above were intentional.

43. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

### D.     Request for Injunctive Relief
### [42 U.S.C. § 2000e-5(g)]

44.     Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-23 as though fully set forth at length herein.

45.     The conduct of Defendant as alleged herein was intentional and Plaintiff requests the Defendant be enjoined from engaging in such unlawful employment practices and that the Court order such other affirmative action as the Court may deem appropriate.

46.     Injunctive relief is sought pursuant to Section 706(g) of Title VII, 42 U.S.C. § 2000e-5(g).

## V.     DAMAGES

47.     As a result of Defendant's violations of Title VII as set forth herein, Plaintiff has suffered mental anguish, emotional pain and suffering, inconvenience, loss of enjoyment of life, and actual damages in the form of lost wages and benefits (past and future), and other losses.

48.     As a result of these violations of Title VII as set forth herein, Plaintiff requests that she be awarded all compensatory and punitive damages to which she is entitled pursuant to Title VII, as well as all equitable relief, attorney's fees, and costs.

49.     Damages are sought pursuant to all applicable state and federal statutes including, but not limited to, 42 U.S.C. § 1981a.

## VI.     JURY TRIAL DEMAND

50.     Plaintiff demands a jury trial on all issues so triable.

## VII.     PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendant as follows:

a. Determining that Defendant engaged in unlawful intentional discriminatory employment practices as alleged herein;

b. Determining that Defendant engaged in discriminatory employment practices with malice or with reckless indifference to the federally protected rights of Plaintiff, and with conscious disregard to such rights;

c. Enjoining Defendant from engaging in such unlawful employment practices and ordering such affirmative action as the Court may deem appropriate;

d. Awarding Plaintiff back pay;

e. Awarding Plaintiff front pay;

f. Awarding Plaintiff compensatory damages for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life;

g. Awarding Plaintiff punitive damages;

h. Awarding Plaintiff pre- and post-judgment interest;

i. Awarding Plaintiff costs and expenses, including reasonable attorney's fees and expert's fees;

j. Awarding Plaintiff pecuniary damages for costs related to seeking subsequent employment; and

k. The award of such other and further relief, both at law and in equity, to which Plaintiff may be justly entitled under Title VII.

Respectfully submitted:

By: */s/ David G. Langenfeld*
    **David G. Langenfeld**
    Attorney-in-Charge
    State Bar No. 11911325
    Fed. ID No. 15878
    LEICHTER LAW FIRM
    1602 East 7th Street
    Austin, TX 78702
    Tel.: (512) 495-9995
    Fax: (512) 482-0164
    Email: david@leichterlaw.com

**ATTORNEY FOR PLAINTIFF**